UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO J. RODRIGUEZ,<br>Petitioner,<br>v.<br>R. NEUSCHMID,<br>Respondent. | Case No. 19-03333 BLF (PR)<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of early parole consideration under California's Proposition 57.[1] Petitioner has paid the filing fee. (Docket No. 12.)

**I. DISCUSSION**

I. <u>**Standard of Review**</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

---

[1] This matter was reassigned to this Court after Petitioner declined magistrate judge jurisdiction. (Docket Nos. 9, 11.)

§ 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II. Analysis

According to the petition, Petitioner was convicted of Penal Code § 245(a)(1), assault with a deadly weapon, as well as an enhancement for inflicting great bodily injury under § 12022.7. (Pet. at 1.) He was sentenced on August 8, 2014, to 14 years and 4 months in state prison. (*Id.*) Petitioner claims that in 2016, California voters approved Proposition 57 "which added a provision to the California constitution which significantly expanded parole consideration for all state prisoners convicted of a non-violent offense." (*Id.* at 16.) Petitioner filed a writ of habeas corpus in the state courts challenging his exclusion from early parole consideration under Proposition 57, but without success. (*Id.*) He asserts that he qualifies as a nonviolent offender and therefore is eligible for early parole consideration after completing the full term for his primary offense. (*Id.* at 18.) Petitioner claims, therefore, that his right to due process was violated by his exclusion from that provision of the state constitution. (*Id.* at 16.)

Petitioner attached a copy of the state superior court order denying his application for relief under Proposition 57. (Pet., Ex. A at 1.) The state superior court found that Petitioner was not eligible for nonviolent offender parole consideration because the jury found true the great bodily injury enhancement alleged in Count One pursuant to Penal Code § 12022.7(a), "which is a violent felony pursuant to Penal Code § 667.50(c)(8)." (*Id.* at 2.) The superior court also found that the application was premature because Petitioner was still serving the sentence on Count One. (*Id.*) The state appellate court denied Petitioner's petition for writ of habeas corpus because it found he was currently serving a term of incarceration for a violent felony under § 12022.7. (Pet., Ex. B.) The state supreme court summarily denied the petition for writ of habeas corpus. (*Id.* at 2.)

First of all, Petitioner's claim that he is entitled to relief under Proposition 57 fails

2

to state a claim for federal habeas relief. Essentially, Petitioner is claiming that the state courts' decisions finding him ineligible for parole consideration under Proposition 57 are incorrect. However, the Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994). It also is unavailable for alleged error in the state post-conviction review process, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989), or violations of the state constitution, *Hinman v. McCarthy*, 676 F.2d 343, 349 & n.2 (9th Cir. 1982). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Furthermore, even if Petitioner had identified a violation of his rights under the Constitution or laws or treaties of the United States, the claim must be dismissed because any claim to enforce rights under Proposition 57 must be brought in a civil rights action, if it may be brought in federal court at all. California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 adds Article I, section 32 to the California Constitution. That section provides, in part, that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. art. I, § 32(a)(1). The state courts have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." *Daniels v. California Dep't of Corr. And Rehb.,* 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018). *See, e.g., People v. Patton*, 2018 WL 316967 (Cal. Ct. App. Jan. 8, 2018) (unpublished) (after trial court denied petition for resentencing on the ground that there was no resentencing option under Proposition 57 because it only provided a parole opportunity for certain inmates, *Wende* brief was field in court of appeal; court of appeal rejected the appeal because a review of the record disclosed no arguable issues on appeal); (*People v. Harris*, 2017 WL 4230834, *2 (Cal. Ct.

App. Sept. 25, 2017) (unpublished) ("even if appellant were eligible for relief under Proposition 57, he would be entitled only to parole consideration, not the resentencing or sentence modification he sought in his motion. Any determination as to appellant's right to parole must be made, in the first instance, by the appropriate agency"). In short, the addition of § 32 to Article I of the California Constitution by Proposition 57 results in some prisoners potentially becoming "eligible for parole consideration," but does nothing to undermine the validity of their existing sentences.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 561 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). The Ninth Circuit clarified that if the claim "does not lie at the 'core of habeas corpus,' it may not be brought in habeas" and therefore may only be brought under § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487); *see also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

Here, federal habeas jurisdiction is lacking because success on Petitioner's claim would not necessarily result in his earlier release from prison. If he were to prevail on his claim that he is entitled to relief under Proposition 57, it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur. This is because Proposition 57, if it applies to him, only makes him eligible for parole consideration, and does not command his immediate release from prison. He must still be found suitable for parole before he may be released from prison.

Under *Nettles*, Petitioner's only potential recourse in federal court is to file a § 1983 complaint because his claim falls outside the core of habeas corpus. *See, e.g., Skinner*, 561

4

U.S. at 533-34. Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $400.00 civil action filing fee to pursue his claims. While a prisoner may think he has found a loophole that allows him to avoid paying the $400.00 filing fee by filing in habeas, the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $400.00 filing fee to proceed with actions challenging conditions of confinement.[2] It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

It is important to note that the Court has not determined that a claim would succeed if brought in a civil rights action under 42 U.S.C. § 1983. The court has referred to a § 1983 as a "potential recourse" because it would be premature in this habeas action to decide whether a claim actually could be stated under § 1983, The court notes, however, that an essential element of a § 1983 claim is the violation of a right secured by the Constitution or laws of the United States, *see West v. Atkins*, 487 U.S. 42, 48 (1988). The

---

[2] A prisoner is also required to pay the fee, even if granted *in forma pauperis* ("IFP"), by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b).

5

court only decides today that a habeas petition is the wrong vehicle for a prisoner to pursue enforcement of any federal rights he has as a result o the passage of Proposition 57.

## II.  CONCLUSION

For the foregoing reasons, the instant petition for a writ of habeas corpus is **DISMISSED** for lack of federal habeas jurisdiction. The dismissal is without prejudice to Petitioner filing a new civil rights action asserting his challenge to application of Proposition 57 under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form.

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enclose two copies of the court's form complaint and two copies of the court's *In Forma Pauperis* Application with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: November 21, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\HC.19\0333Rodriguez_dism(juris)